UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOSEPH HAYDEN,

                                       **COMPLAINT**

        Plaintiff,                      17-cv-1894

   -against-                     **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK;
NEW YORK CITY POLICE DEPARTMENT
("NYPD") OFFICER AHMED ABDALLA,
Shield No. 7927; NYPD OFFICER ADAM
KOTOWSKI, Shield No. 30966

        **Defendants.**
-----------------------------------------------------------x

       Plaintiff JOSEPH HAYDEN, by his attorney, ROBERT J. BOYLE and for his complaint against defendants, alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs bring this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 USC §§ 1983 and 1988 for violations of Joseph Hayden's civil rights, as said rights are secured by said statutes and the Constitution of the United States of America and New York State law..

### JURISDICTION AND VENUE

2. This action is brought pursuant to 42 USC §§ 1983 and 1988 and the, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343. Plaintiff invokes this Court's pendent jurisdiction over related state law claims.

4. Venue is properly laid in the Southern District of New York under 28 USC § 1391(b) in that this is the District in which the claims arose.

## JURY DEMAND

5. Plaintiffs demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff JOSEPH HAYDEN is an African-American male, born on May 12, 1941. He is a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. The defendant CITY OF NEW YORK is a municipal Corportation organized under the laws of the State of New York.

8. At all times relevant herein, Defendant Officer AHMED ABDALLA, Shield No. 7927, was employed as and acting as a New York City Police Department ("NYPD") Officer.

9. At all times relevant herein, Defendant Police Officer ADAM KOTOWSKI Shield No. 30966 was employed as and acting as an NYPD Officer.

10. At all times relevant herein, defendants Abdalla and Kotowski were duly sworn police officers of the NYPD, an agency of the defendant City of New York, and

were acting under the supervision of said department and according to their official duties.

11. At all times relevant herein, defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the defendant City of New York.

12. Each and all of the acts of defendants alleged herein were done by said defendants while acting within the scope of and in furtherance of their employment by the defendant City of New York.

13. Defendants were each and all personally involved in depriving plaintiff of his rights and in implementing the unconstitutional policies, practices, customs and/or conduct complained of herein, as set forth more fully below.

14. At all times relevant herein, as set forth more fully below, defendants' actions and/or failures to act were malicious, intentional, knowing, and/or with a deliberate indifference to or a reckless regard for the natural and probable consequences of their acts and/or omissions.

15. Each individual defendant is sued in his individual and official capacities.

## **FACTS**

16. Plaintiff Joseph Hayden in a long-time community activist in Harlem. His current work focuses on criminal justice reform particularly efforts to reduce incarceration among African-American and Latino youth in the City of New York.

17. He is one of the founding members of the New York chapter of the Campaign to End the New Jim Crow, an organization whose founding was inspired by the book "The New Jim Crow" by Michelle Alexander.

18. Mr. Hayden is also involved in efforts to eliminate police brutality and the arbitrary nature of the actions of law enforcement in Black and Latino communities.

19. In that regard, Mr. Hayden has advocated for the right of private persons to video interactions between the police and other private persons.

20. Mr. Hayden regularly videotapes such encounters himself. In performing that act, Mr. Hayden is careful not to interfere with police activity and to remain a sufficient distance away from police street encounters so as not to interfere with the police officer's work.

21. In his role as a community organizer Mr. Hayden has instructed others on how to lawfully video police-civilian encounters on the street.

22. On the evening on March 15, 2016, plaintiff Hayden attended a public meeting on criminal justice issues sponsored by the Soros Foundation. The meeting took place in a building on 57 St. just east of Broadway in Manhattan.

23. The meeting concluded at about 8:30 P.M. The attendants, including plaintiff Hayden made their way out of the building and onto 57 St.

24. There was scaffolding that extended from beyond the entrance to the building to the east nearly all the way to Broadway to the west.

25. Once he was on the sidewalk, Mr. Hayden became aware of a man in obvious distress, sitting on the ground with his back against the building. There were police officers near him

26. The man began to speak in Spanish pleading with the police to leave him alone.

27. Mr. Hayden remarked "Suave" to the man, the Spanish for "take it easy".

28. In addition, Mr. Hayden removed his cellphone from his pocket and began recording the interaction between the man and police. He moved passed the interaction toward Broadway and remained at all times a distance away from the man and the police.

29. The officers on the scene were successful in persuading the man to accompany them to the waiting ambulance. Plaintiff Hayden, who remained in the same area, continued taping.

30. At about the time the man was entering the ambulance, a few more police cars arrived at the scene.

31. Defendant Abdalla exited one of the police cars. He approached the area where Mr. Hayden was in an aggressive manner. Approaching Mr. Hayden, he directed him to cease recording. Mr. Hayden did not cease recording.

32. Defendant Abdalla then ordered Mr. Hayden to move back. Mr. Hayden complied and moved backwards.

33. Defendant Abdalla then demanded that Mr. Hayden produce identification. When Mr. Hayden did not immediately comply, Defendant Abdalla told him that he was under arrest.

34. Defendant Abdalla moved toward Mr. Hayden, pushing him backward. Mr. Hayden continued to move backward and was now pressed against the scaffolding.

35. Defendant Abdalla pushed Mr. Hayden causing him to begin to fall to the ground. When Mr. Hayden twisted, he felt blows to the back of his legs inflicted by defendant Abdalla.   Mr. Hayden fell to the ground.

36. Mr. Hayden was handcuffed and placed into a police car.  He was transported first to the Midtown North precinct and then to Manhattan Central Booking.

37. At no time during the encounter on 57 St. did Mr. Hayden refuse a directive to disperse.

38. At no time during the encounter on 57 St. did Mr. Hayden resist arrest or attempt to prevent any police officer from performing a lawful duty

39. While Mr. Hayden was at Midtown North precinct and during the time he was at Manhattan Central Booking, he was in pain from the force used by Defendant Abdalla.

40. On March 16, 2016 at approximately 7:30 P.M., Mr. Hayden was arraigned in Manhattan Criminal Court.  The Criminal Court complaint, sworn to by Defendant Kotkowski, charged Mr. Hayden with Obstructing Governmental Administration in the Second degree (N.Y.P.L. §195.05), Resisting Arrest (N.Y.P.L. §205.30), Disorderly Conduct (two counts)  (N.Y.P.L. 240.20(5) and (6) and harassment in the second degree (N.Y.P.L. § 240.26).

41. In the complaint Defendant Kotkowski claimed that he personally observed Mr. Hayden engage in acts constituting these charges.

42. The allegations made by Defendant Kotkowski were false and he knew them to be false.

43. At his arraignment, Mr. Hayden was released in his own recognizance.

44. After his release, plaintiff Hayden sought and received medical attention for the physical injuries he received due to the actions of Defendant Abdalla.

45. Plaintiff Hayden did and continues to experience pain from the actions of Defendant Abdalla.

46. On or about January 24, 2017, the criminal charges against Mr. Hayden were adjourned in contemplation of dismissal.

47. Upon information and belief the defendant City of New York, through its police department has failed to train its police officers concerning the rights of civilians to record police activity through video and/or other means.

48. The City of New York's failure to so train its officers, including but not limited to defendants Abdalla and Kotowski proximately caused the injuries suffered by defendant Hayden

49. Plaintiff Hayden filed a timely Notice of Claim with the Comptroller of the City of New York concerning the claims arising from the March 15, 2016 events. It was assigned Claim No. 2016PI018634.

50. More than 90 days have elapsed and that claim has not been settled.

## CAUSES OF ACTION

### I.

51. Plaintiff Hayden repeats and re-alleges the facts contained in the foregoing paragraphs as if fully set forth herein.

52. The actions of the defendants Abdalla and Kotkowski and each of them in arresting Joseph Hayden without probable cause violated his right to be free from unreasonable searches and seizures in violation of the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

## II.

53. Plaintiff Hayden repeats and re-alleges the facts contained in the foregoing paragraphs as if fully set forth herein.

54. The actions of the defendants Abdalla and Kotowski, in exercising excessive and unnecessary force against Joseph Hayden violated his right to be free from unreasonable searches and seizures in violation of the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

## III.

.

55. Plaintiff Hayden repeats and re-alleges the facts contained in the foregoing paragraphs as if fully set forth herein.

56. The actions of the defendants Abdalla and Kotowski and each of them, in causing false charges to be lodged against Joseph Hayden violated his right to a fair trial in violation of the Fifth and Fourteenth Amendments and 42 U.S.C. §1983.

## IV.

57. Plaintiff Hayden repeats and re-alleges the facts contained in the foregoing paragraphs as if fully set forth herein.

58. The defendant City of New York, by failing to 1) promulgate adequate guidelines for its police officers with respect to the right of private persons to video police activity, and 2) train or supervise its police officers with respect to the right of

private persons to video police activity violated plaintiff Joseph Hayden's right to be free from unreasonable searches and seizures in violation of the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

## V. Pendent State Law Claims

59. Plaintiff Hayden repeats and re-alleges the facts contained in the foregoing paragraphs as if fully set forth herein.

60. The actions of the defendants City of New York, Abdalla and Kotowski, and each of them constituted the following common law torts under the laws of the State of New York:

   a. false arrest;

   b. false imprisonment;

   c. assault;

   d. battery;

   e. negligence;

   f. intentional infliction of severe mental and emotional distress;

   g. negligent infliction of severe mental and emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against the defendants jointly and severally as follows:

   a. An award of compensatory damages in the amount of $200,000 for the physical pain, emotional pain and loss of liberty suffered by the Plaintiff;

   b. An award of punitive damages against the defendant police officers individually;

    c.  A reasonable attorneys' fee and the costs of the within action;

    d.  Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       March 15, 2017                          Yours, etc,

                                                /s/ *Robert J. Boyle*
                                                ROBERT J. BOYLE
                                                277 Broadway
                                                Suite 1501
                                                New York, N.Y. 10007
                                                (212) 431-0229
                                                RB-3568

                                                Attorney for Plaintiff