**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
**JOSEPH HAYDEN,**


                          **Plaintiff,**                    **17-Civ-1894 (RJS)**

         **-against-**

**THE CITY OF NEW YORK[1];**
**NEW YORK CITY POLICE DEPARTMENT**
**("NYPD") OFFICER AHMED ABDALLA,**
**Shield No. 7927; NYPD OFFICER ADAM**
**KOTOWSKI, Shield No. 30966**

                          **Defendants.**
--------------------------------------------------------x


**PROPOSED JOINT JURY INSTRUCTIONS[2]**

        Pursuant to Rule 51 of the Federal Rules of Civil Procedure and the Court's Individual

Practices, the parties submit the following instructions be given to the jury in his upcoming trial.

---

[1] Defendants object to the inclusion of the City in the caption.
[2] Where plaintiff has proposed an instruction to which defendants objection, such instruction is in *Italics*; where defendants have proposed an instruction to which plaintiff objects, such instruction appears in **Bold**.

**PART I-GENERAL INSTRUCTIONS**

## Role of Court And Jury

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them, just as it has been my duty to preside over the trial and to decide what testimony and evidence was relevant, under the law, for your consideration.

On these legal matters, you must take the law as I give it to you.   If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or out to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

Authority: Taken verbatim from Sand, Siffert, Loughlin, Reiss, Allen and Rakoff, *Modern Federal Jury Instructions* (2012), Volume 4 (Civil), Instruction 71-2.

**The Parties**

This is a civil case with claims brought by the plaintiff against the defendant. The party who brings the claims is called the plaintiff. The defendants are then called upon to respond to the claims. The plaintiff in this case is Joseph Hayden. The defendants in this case are the City of New York[3] and New York City Police Officers Ahmed Abdalla and Adam Kotkowski.

---

[3] Defendants object to the inclusion of the reference to the City of New York. Per the defendants' motion in limine, defendants submit plaintiff should not be permitted to refer to the City of New York as a defendant or to Corporation Counsel as City Attorneys.

## Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.    You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence. Nor is what I may have said—or what I may say in these instructions—about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the plaintiff has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.    These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this

case. As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the

duty of finding the facts without bias or prejudice to any party

.

Authority: Taken verbatim from Sand, Siffert, Loughlin, Reiss, Allen and Rakoff, *Modern Federal Jury Instructions* (2012), Volume 4 (Civil), Instruction 71-3.

**Juror Oath**

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

Authority: Taken verbatim from Sand, Siffert, Loughlin, Reiss, Allen and Rakoff, *Modern Federal Jury Instructions* (2012), Volume 4 (Civil), Instruction 71-3.

**Conduct of Counsel**

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the Court. You should not show any prejudice against any party because an attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the Court for a ruling on the law.

Authority: Taken from Sand, Siffert, Loughlin, Reiss, Allen and Rakoff, *Modern Federal Jury Instructions* (2012), Volume 4 (Civil), Instruction 71-6.

**Sympathy**

Under your oath as jurors, you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision. You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.   If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.


Authority: Taken verbatim from Sand, Siffert, Loughlin, Reiss, Allen and Rakoff, *Modern Federal Jury Instructions* (2012), Volume 4 (Civil), Instruction 71-10.

**All Persons Equal Before the Law**

This case should be decided by you as an action between parties of equal standing in the community, of equal worth, and holding the same or similar stations in life. The defendants are not to be favored or disfavored because they are members of the New York City Police Department, nor is the plaintiff to be favored or disfavored because of his status or background. All parties are entitled to the same fair trial at your hands. They stand equal before the law, and are to be dealt with as equals in this court.

**Burden of Proof and Preponderance of the Evidence**

At various times in these instructions I will use the term "burden of proof" in order to inform you which party has the burden of proof on a particular claim or a particular issue. This is a civil case and as such the plaintiff generally has the burden of proving the material allegations of his claims by a preponderance of the evidence. However, as will be explained in more detail when we discuss the particular claims themselves, on certain points the defendants may have the burden of proof by a preponderance of the evidence.

The party who has the burden of proof on a particular issue has the burden of establishing his position on that issue by a preponderance of the evidence. If you conclude that the party who has the burden of proof on an issue has failed to establish his position by a preponderance of the evidence, you must decide against that party on that issue.

What does "preponderance of evidence" mean? A fact is established by a preponderance of the evidence when it is shown that the fact is more likely true than not true. Preponderance of the evidence means the greater weight of the evidence. You are to determine whether a fact is established by a preponderance of the evidence on the basis of the quality and persuasiveness of the evidence, not on the basis of the number of witnesses or exhibits. In determining whether a fact has been proven by a preponderance of the evidence, you should consider all of the relevant evidence. You should consider the relevant testimony of the witnesses, regardless of which party may have called them, and the relevant exhibits received in evidence, regardless of which party may have introduced them.

What if you find that the credible evidence of a particular fact is evenly divided between the parties, that it is equally probable that one side is right as it is that the other side is right? In that

case you must decide that issue against the party who has the burden of proof, which, in this case, is the plaintiff. This is because the party who bears the burden of proof must establish more than simple equality of evidence—he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with the burden of proof is not required to prove more than a preponderance. As long as you find that the balance tips, however slightly, in favor of the party with the burden of proof, so that what the party claims is more likely true than not true, that element will have been proven by a preponderance of evidence.

Lastly, you may have heard the phrase "proof beyond a reasonable doubt." This is the standard of proof required in a criminal trial. That requirement does not apply in a civil case such as this one and you should put it out of your mind.

Authority: Schwartz and Pratt, *Section 1983 Litigation:JuryInstructions* (2008 Supp.), Instruction 2.02.1 Second Editions, Aspen Publishers, 2009. Instruction 2.02.1. Sand, Siffert, Loughlin, Reiss, Allen and Rakoff, *Modern Federal Jury Instructions* (2012), Volume 4 (Civil), Instructions 73-1 and 73-2.

**Direct and Circumstantial Evidence**

**Plaintiff's Proposed Language:**

In deciding whether a party meets its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly. It doesn't require any other evidence. It doesn't require you to draw any inferences. A witness's testimony is direct evidence when the witness testifies to what he or she saw, heard or observed. In other words, when a witness testifies about what is known from his or her own personal knowledge—that is direct evidence.

Circumstantial evidence, on the other hand, is evidence that tends to prove a disputed fact by proof of other facts. It cannot prove a material fact by itself. Rather, it is evidence that tends to prove a material fact when considered together with other evidence and by drawing inferences. There is a simple example of circumstantial evidence which is often used in the federal courts: Assume that when you got up this morning it was a nice, sunny day. But when you looked around you noticed that the streets and sidewalks were very wet. You had no direct evidence that it rained during the night. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to infer that it had rained during the night.

Not all circumstantial evidence presents such a clear compelling inference; the strength of the inferences arising from circumstantial evidence is for you to determine. It is for you to decide how much weight to give to any evidence.

Inference from circumstantial evidence may be drawn on the basis of reason, experience, and common sense. Inferences may not, however, be drawn by guesswork, speculation, or

12

*conjecture.*

*The law does not require a party to introduce direct evidence. A party may prove a fact based entirely on circumstantial evidence or upon a combination of direct and circumstantial evidence. Circumstantial evidence is not less valuable than direct evidence. The law makes no distinction between direct and circumstantial evidence. You are to consider all the evidence in the case, both direct and circumstantial, in determining what the facts are, and in arriving at your verdict.*

Authority: Schwartz and Pratt, *Section 1983 Litigation: Jury Instructions* (2008 Supp.), Instruction 2.03.1; Sand, Siffert, Loughlin, Reiss, Allen and Rakoff, *Modern Federal Jury Instructions* (2012), Volume 4 (Civil), Instructions 74-2 and 75-1.

**Defendants' Proposed Language**:

**Evidence may be either direct or circumstantial. Direct evidence is the communication of a fact by a witness who testifies to the knowledge of that fact as having been obtained through one of the five senses. So, for example, a witness who testifies to knowledge of a fact because she saw it, heard it, smelled it, tasted it, or touched it is giving evidence that is direct. Your task with respect to direct evidence is to pass upon the credibility of that witness.**

**By contrast, circumstantial evidence is evidence that tends to prove a fact in issue by providing proof of other facts from which the fact in issue may be inferred. The word "infer" – or the expression "to draw an inference" – means to find that a fact exists from proof of another fact. An inference is to be drawn only if it is logical and reasonable to do so. In deciding whether to draw an inference, you must look at and consider all the facts in the light of reason, common sense, and experience. Whether a given inference is or is not to be drawn is entirely a matter for you, the jury, to decide. Please bear in mind, however, that an inference is not to be drawn by guesswork or speculation.**

**For the purpose of clarity, I will provide an example. Assume the curtains are drawn in the courtroom, and we cannot see outside. If a fact in issue is whether it is raining at the moment, none of us can testify directly to that fact because we cannot see outside. Assume, however, that a person walks into the courtroom wearing a raincoat that is soaking wet. Assume further that a second person enters the courtroom carrying an umbrella dripping water. We may infer from those facts that it is raining outside. In other words, the fact that it is raining is an inference that could be drawn from having seen the wet raincoat and the dripping umbrella.**

14

**Circumstantial evidence does not necessarily prove less than direct evidence, nor does it necessarily prove more. You are to consider all the evidence in the case, direct and circumstantial, in determining what the facts are and in arriving at your verdict.**

Authority: Taken verbatim from this Court's charge in Knight v. City of N.Y., charge given January 15, 2019.

**Plaintiff's Proposed Charge:**

**<u>Use Of Certain Depositions</u>**

*Some of the testimony before you is in the form of depositions which have been received in evidence.  A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial.  This is part of the pretrial discovery, and each side is entitled to take depositions.   You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.*[4]

<u>Authority</u>:   <u>M.F.J.I.</u> 74-14.

---

[4]  Defendants object to this instruction in its entirety.

**Witness Credibility**

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

If you find that a particular witness has testified falsely in any one or material part of his or her testimony, you may look with distrust upon the other evidence given by that witness. And if you find any witness testified in a manner that is willfully and intentionally false, you may disregard all evidence given by that witness or you may accept that part you do believe and disregard that part you believe is false.   There is no magic formula to evaluate the truthfulness of witnesses. In your everyday affairs, each of you determines for yourself the reliability of statements made to you by other people and those same tests that you use in your everyday dealings should be applied in your jury deliberations. You use common sense, you rely on your human experience.

Authority: First three paragraphs of the requested charge taken from Sand, Siffert, Loughlin, Reiss, Allen and Rakoff, *Modern Federal Jury Instructions* (2012), Volume 4 (Civil), Instruction 76-1 (the third and fifth paragraphs of Sand's charge not included here; italicized portions added.)

**Bias**

In deciding whether to believe a witness, you should take into account any evidence that shows that a witness may benefit in some way from the outcome of the case. Likewise, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties, or any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view her or his testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Of course, the mere fact that a witness is interested in the outcome of the case does not mean he or she has not told the truth. It is for you to decide, from your observations and applying your common sense and experience and all the other considerations mentioned, whether the possible interest of any witness, or of any party, has intentionally or otherwise colored or distorted her or his testimony. You are not required to believe an interested witness; you may accept as much of her or his testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

Authority: Taken verbatim from this Court's charge in Knight v. City of N.Y., charge given January 15, 2019.

**Credibility of Police Officers**

Members of the New York City Police Department have testified in this case. However, the testimony of a law enforcement officer is entitled to no special or exclusive sanctity. Rather, the testimony of a law enforcement officer should be considered by you just as any other evidence in this case, and in evaluating an officer's credibility you should use the same guidelines which you apply to the testimony of any witness. You should not give either greater or lesser credence to the testimony of a witness merely because he is a law enforcement officer. You should recall his or her demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness. People employed by the government, including police officers, do not stand in any higher or lower station in the community than other persons, and their testimony is not entitled to any greater or lesser rights.

Authority: Adapted from Avery, Rudovsky & Blum, *Police Misconduct: Law and Litigation*, (2006) § 12:8.

**False Testimony**

If you find that any witness has willfully testified falsely as to any material fact – that is, as to an important matter – the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally "unbelievable." You may accept so much of his or her testimony as you deem true and disregard what you feel is false. As you are the sole judges of the facts, you will decide which of the witnesses you believe, what portion of their testimony you accept, and what weight you will give to that testimony.[5]

Authority: Taken verbatim from this Court's charge in Knight v. City of N.Y., charge given January 15, 2019.

**Prior Inconsistent Statements**

Evidence of prior inconsistent statements was placed before you for the purpose of helping you decide whether to believe the trial testimony of a witness who may have contradicted a prior statement. If you find that the witness made an earlier statement that conflicts with the witness's trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; and whether the witness had an explanation for the inconsistency and, if so, whether that explanation appealed to your common sense.

---

[5] Plaintiff objects to this charge as unnecessary in that it is covered by the charge on witness credibility

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all, or part of, the witness's testimony.

Authority: Taken verbatim from this Court's charge in Knight v. City of N.Y., charge given January 15, 2019.


## Uncalled Witnesses

There are several persons whose names you have heard during the course of the trial but who did not appear at this trial and did not testify. I instruct you that each party had an equal opportunity or lack of opportunity to call these witnesses. Therefore, you should not speculate as to what their testimony would have been had they been called. Their absence should not affect your judgment in any way.


Authority: Taken verbatim from this Court's charge in Knight v. City of N.Y., charge given January 15, 2019.


## PART II-PLAINTIFF'S CLAIMS

### Introduction of Parties

The plaintiff in this case is Joseph Hayden. He is suing the defendants under a federal statute, 42 U.S.C. § 1983 as well as the common law of the State of New York. Mr. Hayden alleges that the defendants Ahmed Abdalla and Adam Kotkowski deprived him of his right to be free from excessive force.

**Section 1983**

Plaintiff asserts claims against defendants Abdalla and Kotkowski under a federal civil rights law, 42 U.S.C. § 1983, or Section 1983 for short. Section 1983 provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law.

Section 1983 creates a form of liability in favor of people who have been deprived of rights secured to them by the United States Constitution, including the right to be free from excessive force in effecting an arrest under the Fourth Amendment.

To establish his claims under section 1983, plaintiff must demonstrate, by a preponderance of the evidence, the following three elements:

> ***First***, *that the defendants' conduct was under color of state law*;[6] **Second**, that this conduct deprived the plaintiff of a right or rights protected by the United States Constitution; and **Third**, that the defendants' conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

I will now explain each of these elements to you in turn.

**First Element: Color of Law**

*As to the first element—whether the defendants were acting under color of state law—there is no dispute in this case that during the events in issue here the defendant police officers were acting under color of law. The parties have agreed that plaintiffs have established this element, and you do not have to consider it.*[7]

**Second Element: Deprivation of a Federal Right**

The second element is that the plaintiff must prove by a preponderance of the evidence is

---

[6] Defendants object to charging on the first element (color of law) as it is not disputed here.

[7] See Footnote 6.

that defendants' conduct deprived him of his rights protected by the United States Constitution.

The Plaintiff alleges that the defendants used excessive force in effecting his arrest. The first thing

for you to determine is whether the defendants committed the acts alleged by plaintiff.   If you find

that plaintiff has failed to prove by a preponderance of the credible evidence that the defendant

committed the acts alleged by plaintiff, you must find in favor of the defendants.[8]

---

[8] Adapted from the instructions given by Hon. Paul A. Engelmayer in <u>Gabriel Diaz v. Lauren</u> <u>Diaz, et al.</u>, 14 CV 4716 (S.D.N.Y. – delivered on February 3, 2016).

**Excessive Force**

**Plaintiff's Proposed Language:**

Plaintiff contends that the defendants Abdalla and Kotkowski subjected him to the use of excessive force, and that therefore he was deprived of the right, guaranteed by the Fourth Amendment to the United States Constitution, not to be subjected to unreasonable searches and seizures.   The Fourth Amendment prohibits the imposition of excessive force.

Our Constitution protects each person living in the United States from being subjected to unreasonable searches and seizures.   The constitutional right to be free from unreasonable seizures protects each person from being subjected to <u>unjustified or excessive</u> attacks by police officers.

A police officer may <u>justifiably</u> use physical force in the course of his duties when and to the extent that he reasonably believes such to be necessary to make an arrest or prevent the escape from custody of a person whom he reasonably believes to have committed an offense, or to defend himself or a third person from what he reasonably believes to be the use or imminent use of physical force.

In order to prove that Joseph Hayden's constitutional rights were violated by a physical assault or use of physical force, he must prove by a preponderance of the evidence that the defendants unjustifiably inflicted bodily injury and pain upon him.

Alternatively, if you find that defendants Abdalla and Kotkowski were to any extent justified in using physical force for any one of the purposes I have mentioned, the plaintiff may still prevail on this claim if he establishes, by a preponderance of the evidence, that the force used was excessive beyond what the particular situation required.

Not every push or shove violates a person's constitutional rights, even if it may later seem unnecessary in the peace of a courtroom.   In determining whether the constitutional line has been crossed, you must look to such factors as the need for the application of force; the relationship

between the need for force and the amount of force that was used; the extent of the injury, if any, inflicted; and whether force was applied in a good faith effort, or maliciously.   A police officer is not permitted to use any force beyond that which is reasonably necessary to accomplish his lawful purpose.

Authority:   <u>Graham v. Connor</u>, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); <u>Tennessee v. Garner</u>, 471 U.S. 1, 105 S.Ct. 1694, 85 L. Ed. 2d 1 (1985); <u>Posr v. New York City Police Officer Doherty</u>, 944 F.2d 91 (2nd Cir. 1991).

**Defendants' Proposed Language**:

Plaintiff alleges that Defendants subjected him to the use of excessive force. Defendants dispute plaintiff's version of events, and contend that their actions were justified, reasonable under the circumstances, and in accordance with the existing law. Therefore, you must first determine whose version of events you believe.

To establish that one or more of the Defendants engaged in the excessive use of force against him, the Plaintiff must prove by a preponderance of the evidence each of the following:

(1) that the Defendant you are considering used force against Plaintiff;

(2) that the Defendant's use of force was intentional; and

(3) that the Defendant you are considering used a level of force that was excessive.[9]

The parties do not dispute that there was some forcible contact between the plaintiff and the Officer Abdalla, but that mere fact is not be sufficient by itself to demonstrate that Officer Abdalla or either defendant violated the plaintiff's constitutional

---

[9] Taken verbatim from Knight v. City of New York, charge given January 15, 2019.

rights.[10]   What you need to determine is if plaintiff has proven, by a preponderance of the evidence, that the force used was excessive in light of the facts and circumstances confronting the particular Defendant at the time. In other words, you must determine whether the amount of force was that which a reasonable law enforcement officer would have employed under similar circumstances. An officer's underlying intention or motivation is immaterial to whether his use of force was unreasonable.[11]

Force is excessive if the officer exceeded that degree of force which a reasonable and prudent law enforcement officer would have applied under the same circumstances.[12]   In determining whether the constitutional line has been crossed, you must analyze the totality of the circumstances.[13]   In making this determination, you may take into account whether the plaintiff actively resisted arrest or attempted to evade arrest.[14]

Now the Constitution must not be trivialized, the use of force is not uncommon or unusual in the course of restraining an individual.   Not every push or shove by a police officer constitutes excessive force, even if it may later seem unnecessary in the peace and quiet of this courtroom.[15]   Minor scrapes, bumps or bruises potentially could

---

[10] See Graham v. Connor, 490 U.S. 386, 396 (1989); Saucier v. Katz, 533 U.S. 194, 208 (2001); see also instructions given by Hon. Judge Robert P. Patterson in Butler v. Kibel, et al., 10 CV 7974 (S.D.N.Y. – delivered on February 17, 2012).

[11] Taken from Knight v. City of New York, charge given January 15, 2019.

[12] Adapted from the instructions given by Hon. Judge Donald E. Walter in Rocky Williams v. City of New York, et al., 01 Civ. 4146 (EDNY).

[13] Plumhoff v. Rickard, 134 S. Ct. 2012, 2020 (2014) (citing Graham, 490 U.S. at 396).

[14] Taken from the instructions given by Hon. Paul A. Engelmayer in Diaz, 14 CV 4716 (S.D.N.Y. – delivered on February 3, 2016).

[15] Graham, 490 U.S. at 396

occur, often unintended, during any arrest and an officer cannot be held liable for every such incident.[16]

You must allow for the fact that police officers are forced to work in circumstances that are tense, uncertain and rapidly evolving.   They must make split-second judgments about their actions and about the amount of force that is necessary in a particular situation.[17]   The question is only whether the officer's actions are objectively reasonable in light of all the facts and circumstances confronting him.   In this regard, you are not to decide if the least amount of force was used but rather you are only to decide if the force that was used, if any, was reasonable.[18]

Because police officers are often forced to make split second judgments about the amount of force that is necessary in a given situation, the "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.[19]   You are not to consider the officer's underlying intent or motivation.[20]

Defendants deny that they subjected the plaintiff to excessive force. Therefore, you must first determine whether the plaintiff has proven by a preponderance of the evidence that the acts alleged by him took place.   If your answers are no, then your

---

[16]  Adapted from the instructions given by Hon. Judge Barbara S. Jones in Pope v. Buttner, 10 CV 4118 (S.D.N.Y. – delivered March 7, 2012); and instructions given by Hon. Judge Andrew J. Peck in Tsesarskaya v. City of New York, et al., 11 CV 4897 (S.D.N.Y. – delivered on June 13, 2012).

[17]  Taken from the instructions given by the Hon. Judge Tucker L. Melançon in Fryar v. Zhen, et al., 10 CV 5879 (E.D.N.Y. – delivered on September 21, 2011).

[18]  Taken from the instructions given by the Hon. Judge Brian M. Cogan in Gilliard v. Kibel, et al., 10 CV 5247 (E.D.N.Y. – delivered on January 5, 2012); see also instructions given by Hon. Judge Fredric Block in Stanczyk v. City of New York, et al., 11 CV 0249 (E.D.N.Y. – delivered on March 19, 2013).

[19]  See instructions given by Hon. Judge J. Paul Oetken in Choi v. Murdocco, 10 CV 6617 (S.D.N.Y. – delivered November 13, 2012).

[20]  Graham, 490 U.S. at 396.

**deliberations are over and you must bring back a verdict for the defendants on this claim. If your answers are yes, then in determining whether the acts of the defendants caused the plaintiff to suffer the loss of a federal right, you must determine whether the amount of force used was that which a reasonable officer would have employed under similar circumstances.**

**Personal Involvement**

Plaintiff must prove by a preponderance of the evidence that the defendant you are considering was personally involved in the alleged use of excessive force.  A police officer is personally involved in the use of excessive force if he directly participates in the excessive force. A plaintiff need not establish who, among a group of officers directly participated in the attack and who failed to intervene.[21]

Authority: <u>Ricciuti v. New York City Transit Authority</u>, 124 F.3d 123, 129 (2d Cir. 1997); <u>Anderson v. Branen</u>, 17 F.3d 552, 557 (2d Cir. 1994); <u>Fischi v. Armitage</u>, 128 F.3d 50,57 (2d Cir. 1997); <u>Miller v. Smith</u>, 220 F.3d 491, 495 (7th Cir. 2000).

**Third Element: Proximate Cause**

The third element that plaintiff must prove is that defendants' conduct was a proximate cause of plaintiff's injury and damage. In this case, plaintiff alleges that the excessive force used by the defendants was the proximate cause of the physical injuries he suffered.

Under Section 1983 a defendant is responsible for the natural consequences of his or her actions. An act is a proximate cause if it was a substantial factor in bringing about the plaintiff's

---

[21]  Defendants object to the inclusion of the reference to failure to intervene, as there is no claim for failure to intervene pleaded.

injury. You must determine whether injury or damage suffered by plaintiff was a reasonably foreseeable consequence of defendants' conduct.

An injury that is a direct result, or a reasonable probable consequence of a defendant's conduct, was proximately caused by that conduct. The question is whether a reasonable person would regard defendants' conduct as being a cause of the injury. If so, the conduct is a proximate cause. A proximate cause need not always be the nearest cause either in time or in location. In addition, the law recognizes that there may be more than one proximate cause of an injury. An actor may be liable for the consequences attributable to reasonably foreseeable intervening forces, including third parties.

Authority: Adapted from E.Devitt, C.Blakmar & M. Wolf Federal Jury Practice and Instructions: Civil 80.18 at 170 (4th Ed. 1987); See also Bermudez v. City of New York; Jund v. Town of Hempstead, 941 F.2d 1271, 1286 (2d Cir. 1991); Richardson v. City of New York, 2006 WL 2792768 (E.D.N.Y. 2006); Hernandez v. Wells, 2003 WL 22771982 (S.D.N.Y. 2003).

**Plaintiff's Proposed Charge:**

**Section 1983: No Specific Intent[22]**

*Section 1983 does not require the plaintiff to demonstrate that the defendants acted willfully, or with the specific intent to violate the plaintiff's federally protected rights. Nor does section 1983 require the plaintiff to show that the defendants abused governmental power.*

Authority: Schwartz and Pratt, *Section 1983 Litigation: Jury Instructions* (2008 Supp.), Instruction 3.02.1; *Hudson v. New York City,* 271 F.3d 62, 68 (2d Cir. 2001)

**General Wrap-up on Elements of the Claim: Multiple Defendants**

If you find that plaintiff has proven all elements of his Section 1983 claim by a preponderance of the evidence with respect to a particular defendant whom you are considering separately, you should find that defendant liable. If you find that plaintiff has not proven any one of these elements with respect to the particular defendant you are considering, then you must find that defendant not liable and return a verdict for him. Remember that the case as to each defendant must be considered separately by you. The fact that you find that one of the defendants is or is not liable does not determine your verdict as to any other one of these defendants.

Authority: Adapted from Schwartz and Pratt, *Section 1983 Litigation: Jury Instructions* (2008 Supp.), Instruction 3.01.1; see also Sand, Siffert, Loughlin, Reiss, Allen and Rakoff, *Modern Federal Jury Instructions* (2012), Volume 5 (Civil), ¶ 87.03

---

[22] Defendants object to this instruction because plaintiff must prove by a preponderance of the evidence that defendants acted intentionally or recklessly, and this instruction is likely to confuse the jury.

CLAIMS UNDER STATE LAW[23]

**Plaintiff's Proposed Charge:**

*Assault and Battery*

In this action, the plaintiff also seeks damages against the defendants for various claims under New York State tort law.   The plaintiff claims that the defendants are liable to him under state tort law because their actions constituted an assault and battery.

To establish that the defendants committed an assault against him, plaintiff must prove that the defendant committed an act which was an intentional attempt or threat to do an injury to or commit a battery upon another.

A battery is an intentional and unlawful physical contact with a person without his or her consent.   Id.   In order for plaintiff to establish that the defendants are liable for assault and battery, plaintiff must establish that there was physical contact, that the contact was made without the plaintiff's consent, and that the defendant intended to make the contact.

If the requirements I have just described have been met, but you further find that defendants lawfully arrested plaintiff and had lawful custody over him, additional state law principles must be considered. One who makes a lawful arrest or has another person lawfully in custody may use such force as he reasonably believes necessary to make the arrest or prevent such person's escape, and can be held liable if no force was necessary or if the force used was excessive. Taking into consideration all the circumstances existing at the time of the incident, if you find that it was not

---

[23] Defendants oppose the jury being charged on plaintiff's state law claims of assault and battery as said claims are duplicative of plaintiff's excessive force claim.   See Castro v. County of Nassau, 739 F. Supp. 2d 153, 178, n.17 (E.D.N.Y. 2010) (same standard applies for § 1983 excessive force claim and state law assault and battery claims); See also Tianshu Li v. United States, 05 Civ. 6237 (NRB), 2009 U.S. Dist. LEXIS 96945, at *5, n.2 (S.D.N.Y. Oct, 8, 2009) ("As against law enforcement personnel, assault and battery claims under New York law parallel the Fourth Amendment standard governing the use of force incident to a lawful arrest.") (citation omitted).   If however, this Court chooses to charge the jury on plaintiff's state law claims for assault and battery, defendants are prepared to immediately supplement their proposed charge to include language for both claims as well as for a justification defense.

*reasonable for defendants to believe that plaintiff was resisting arrest or attempting to escape, then*

*defendants were not justified in using force at all and, if you find that they did so, you must find that*

*they committed a battery under state law.*

  *Authority: New York Pattern Jury Instructions, ¶¶ 3:2, 3:3, Mason v. Cohn, 108 Misc.2d 674 (Sup. Ct., N.Y. Co., 1981) Lepore v. Town of Greenburgh, 120 A.D.3d 1202, 1202-03 (2d Dept. 2014)*

**<u>Plaintiff's Proposed Charge:</u>**

**<u>*Instruction 23 Respondeat Superior*</u>**[24]

Regarding his state law claims of assault and battery, Mr. Hayden also seeks to hold the City of New York responsible for the actions of the defendants.   The City concedes that it is responsible for the acts of the defendants with respect to plaintiff's state law claims.   Thus, if you find that Mr. Hayden has proven any of his state law claims against the defendants, then you will also have found that he has proven these claims against the City of New York.

---

[24] Defendants object to this instruction as respondeat superior liability operates as a matter law if plaintiff prevails on his claim and establishes that the defendants acted within the scope of their employment, which is a question of law for the court not a question of fact for the jury.

**Damages - Introduction**

If plaintiff has proven by a preponderance of the evidence that one or both of the defendants is liable on one or more of his claims, then you must determine the damages to which plaintiff is entitled. However, you should not infer that Plaintiff is entitled to recover damages merely because I am instructing you on how to calculate damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the Plaintiff is entitled to recovery.[25]

If you find that plaintiff is entitled to recover from one or both of the defendants for any claim, then you should consider the issue of damages. If you find that no defendant is liable to plaintiff on his claims, you need not consider the issue of damages.

If you return a verdict for the plaintiff against any of the defendants, then you must award a sum of money that will justly and fairly compensate the plaintiff for any injury and all loss that resulted from the conduct of that defendant or those defendants.[26]

Authority: Adapted from Sand, Siffert, Loughlin, Reiss, Allen and Rakoff, *Modern Federal Jury Instructions* (2012), Volume 5 (Civil), Instruction 77-1;

---

[25]  Authority: taken verbatim from charge given by this Court in Knight v. City of New York, given on January 15, 2019. Plaintiff objects to this sentence as unnecessary.

[26]  Defendants object to this paragraph as nominal damages are possible.

**Instruction 25: Damages - More Than One Defendant**

If you find that the plaintiff has proven liability according to the standards I have explained, you must be careful to impose any damages that you may award on a claim solely upon the defendant or defendants who you find to be liable on that claim. Each defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other defendant. If you find that only one defendant is responsible for a particular injury, then you must impose damages for that injury only upon that defendant.

Plaintiff proposes that if the Court charges on the State law claims, then this language should be added. Defendants submit that the Court should not separately charge on the state law claims, and this language is therefore unnecessary:

*Nevertheless, you might find that both defendants are liable for a particular injury. If two or more persons unite in an act that violates another person's right, then all of those persons are jointly liable for the acts of each of them; the law does not require the injured party to establish how much of the injury was done by each particular defendant that you find liable. If you decide that defendants Abdalla and Kotkowski are jointly liable on a particular claim, then you may simply determine the overall amount of damages for which they are both liable, without breaking that figure down into individual percentages.*

Authority: Adapted from Sand, Siffert, Loughlin, Reiss, Allen and Rakoff, *Modern Federal Jury Instructions* (2012), Volume 5 (Civil), Instruction 77-2.

### Damages – Compensatory Damages

**Plaintiff's Proposed Language:**

*The purpose of the law of damages is to award, as far as possible, sufficient damages to compensate a plaintiff for any injury and any loss proximately caused by the defendants' conduct. These are known as "compensatory damages." Compensatory damages seek to make a plaintiff whole—that is, to compensate him for the damage suffered.   Compensatory damages are not only for expenses that a plaintiff may have borne. A prevailing plaintiff is entitled to compensatory damages for deprivation of liberty, economic loss, physical injury, pain and suffering, emotional and mental anguish, and shock and discomfort that he or she has suffered because of the defendants' conduct.*

*In determining the amount, if any, to be awarded plaintiffs for pain and suffering, you may take into consideration inconvenience and loss of enjoyment of life caused by the defendants' conduct. Loss of enjoyment of life involves the loss of or diminished ability to perform daily tasks, to participate in the activities which were a part of the person's life before the injury, and to experience the pleasures of life.*

*The law does not require a plaintiff to prove the amount of his losses with mathematical precision. You are to use your sound discretion in fixing an award, drawing all reasonable inferences where you deem appropriate from the facts and circumstances in evidence.*

*Authority: Adapted from Sand, Siffert, Loughlin, Reiss, Allen and Rakoff, Modern Federal Jury Instructions (2012), Volume 5 (Civil), Instruction 77-3; Kerman v. City of New York, 374 F.3d 93, 124-31 (2d Cir. 2004)); Raysor v. Port Authority of New York and New Jersey, 768 F.2d 34, 38-39 (2d Cir. 1985).*

**Defendants' Proposed Language:**

If you find that Plaintiff has proven liability, then pursuant to my instructions below, you should award the Plaintiff the sum that you find will fairly and justly compensate him for any injury you believe was proximately caused by the misconduct that violated the Plaintiff's rights. As I mentioned before, an injury is "proximately caused" by the misconduct of the defendant if that misconduct was a substantial factor in causing the injury and if the injury was a reasonably foreseeable consequence of the Defendants' misconduct.

You should not award damages for speculative injuries, but only for those injuries that the Plaintiff has actually suffered. It is the Plaintiff's burden to prove the amount of damages and to prove that the damages were caused by each Defendant's actions. The purpose of such an award of damages is to compensate the Plaintiff, not to punish the Defendants.

You may award damages to compensate for any physical injury that Plaintiff sustained, as well as any conscious pain and suffering that was proximately caused by the Defendants' actions. Pain and suffering means any mental suffering, including emotional suffering, or any resultant physical ailment caused by the wrongful act of the defendant. Conscious pain and suffering means pain and suffering of which there is some level of awareness by Plaintiff. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for such damages.

Any amount you fix should be fair in light of the evidence presented at trial. In determining such an amount, you should be guided by dispassionate common sense. The damages you award must be fair compensation – no more and no less. You must use sound

discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You should not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

Authority: taken verbatim from charge given by this Court in Knight v. City of New York, given on January 15, 2019.

**Defendants' Proposed Charge:**

**Nominal Damages**

If you find after considering all the evidence presented that the Defendant you are considering violated the Plaintiff's constitutional rights under Section 1983 but that the Plaintiff suffered no actual injury as a result of this violation, you must award the Plaintiff "nominal damages." Nominal damages are awarded as recognition that the Plaintiff's rights have been violated. You would award nominal damages of one dollar if you concluded that the only injury that the Plaintiff suffered was the deprivation of his rights, without any actual damages.

You also may award nominal damages of one dollar if, upon finding that some injury resulted from the deprivation of plaintiff's rights, you find that you are unable to compute monetary damages except by engaging in pure speculation and guesswork. You may not award both nominal and actual damages to the plaintiff for a violation of Section 1983; either he experienced actual damages, in which case you must award compensatory damages, or else he did not, in which case you must award nominal damages.[27]

---

[27] Plaintiff objects to a charge on nominal damages. See <u>Kerman v. City of New York</u>, 374 F.3d 93, 124 (2d Cir. 2004) ("Where the jury has found constitutional violations and there is no genuine

Authority: taken verbatim from charge given by this Court in Knight v. City of New York, given on January 15, 2019.

**Defendants' Proposed Charge:**

**Attorney's Fees**

**Federal law provides for an award of attorneys' fees to a plaintiff when he or she prevails in a civil rights action. The award of attorneys' fees is a matter to be determined by the Court. Accordingly, you should not take into consideration the fees that may be, or have been, paid to the Plaintiff's attorney in this action.**[28]

Authority: taken verbatim from charge given by this Court in Knight v. City of New York, given on January 15, 2019.

---

dispute that the violations resulted in some injury to the plaintiff, the plaintiff is entitled to an award of compensatory damages as a matter of law."); see also Atkins v. City of New York, 143 F.3d 100, 103 (2d Cir. 1998). Alternatively, plaintiff objects to the second full paragraph of this proposed instruction. Defendants respond that this Court (J. Sullivan) has held that: has held "As the Second Circuit has recognized, 'a jury could reasonably determine that compensatory damages are inappropriate even where excessive force was used,' and therefore, a jury may 'reasonably award' only 'nominal damages' when the 'victim's claims of injury lack credibility, or where the injuries lack monetary value.'" Toliver v. N.Y.C. Dep't of Corr., 202 F. Supp. 3d 328, 336 (S.D.N.Y. 2016) citing Amato v. City of Saratoga Springs, N.Y., 170 F.3d 311, 314 (2d Cir. 1999).

[28] Plaintiff objects to this instruction as unnecessary.

**Damages – Punitive Damages**

You have the discretion to award punitive damages to punish a defendant or defendants for extreme or outrageous conduct, or to deter or prevent a defendant and others like him from committing such conduct in the future. You may award punitive damages as a separate award in addition to compensatory damages. You may also award punitive damages on their own, even if you find that the plaintiff did not establish actual compensatory damages.

You may award the plaintiff punitive damages if you find that the acts or omissions of any defendant were done maliciously or wantonly. An act is maliciously done if it is prompted by ill will or spite towards the injured person.  An act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. The plaintiff has the burden of proving, by a preponderance of the evidence, that defendants acted maliciously or wantonly with regard to the plaintiff's rights.

If you find by a preponderance of the evidence that the defendant you are considering acted maliciously or wantonly with regard to the plaintiff's federal rights then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also

consider whether actual damages standing alone are likely to deter or prevent defendants from again performing any wrongful acts they may have performed, or whether punitive damages are appropriate to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those defendants may have committed.    If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which one or both of the defendants should be punished for his or their wrongful conduct, and the degree to which an award of one sum or another will deter the defendants or persons like them from committing wrongful acts in the future.

Authority: Adapted from Sand, Siffert, Loughlin, Reiss, Allen and Rakoff, *Modern Federal Jury Instructions* (2012), Volume 5 (Civil), Instruction 87-92, and Knight v. City of N.Y., charge given January 15, 2019.

## CLOSING INSTRUCTIONS

The parties propose that the closing instructions from Knight v. City of N.Y., given on January 15, 2019, be used here.

Dated: New York, New York

          Respectfully submitted,


          /s/ Robert J. Boyle

          ROBERT J. BOYLE
          277 Broadway
          Suite 1501
          New York, N.Y.   10007
          (212) 431-0229
          Rjboyle55@gmail.com


          Attorney for Plaintiff


          ZACHARY W. CARTER
          Corporation Counsel of the
          City of New York
          *Attorney for Defendants*
          100 Church Street
          New York, New York   10007
          (212) 356-2335
          efudim@law.nyc.gov

          /s/ Elissa Fudim
By:   _____
          Elissa P. Fudim