# EXHIBIT 2

*GYASI* TRANSCRIPT

```
        66T8GYAC1

1     UNITED STATES DISTRICT COURT
1     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------------------x
2
3     KWABENA GYASI,
3
4                   Plaintiff,
4
5          v.                                    05 Cv. 9453 (SAS)
 5
6     THE CITY OF NEW YORK, et al.,
6
7                   Defendants.
 7
8    ------------------------------------------ x
8
9                                                June 29, 2006
                                                      9
                                                 4:40 p.m.
10
10    Before:
11
11                        HON. SHIRA A. SCHEINDLIN
12
12                                          District Judge
13
13                         APPEARANCES
14
14    JOEL BERGER
15         Attorney for Plaintiff
15
16    MICHAEL A. CARDOZO
16         Corporation Counsel of the City of New York
17    SHERYL BRUZZESE
17         Assistant Corporation Counsel
18
18
19
19
20
20
21
21
22
22
23
                              24
                              24
```

66T8GYAC6

```
 1   left holding the bag. Which is why we frequently get punitives
 2   for a thousand, two thousand, whatever.
 3            The reality is, and those of us who have tracked this
 4   for years know it, if the city has represented the officer, if
 5   it's a case in which the city has determined the officer is
 6   entitled to representation, it's not an off-duty incident, the
 7   city invariably does indemnify.
 8            THE COURT: Do you dispute that, Ms. Bruzzese, that at
 9   the end of the day, if this was done in the line of duty during
10   work hours as part of his regular job, when push comes to
11   shove, you will indemnify him if there is punitive damages? Do
12   you dispute that?
13            MS. BRUZZESE: Not necessarily.
14            THE COURT: Not necessarily what? Was the answer yes?
15            MS. BRUZZESE: We do dispute that. Under 50(k), if
16   punitive damages are awarded, there is a finding by the jury
17   that basically the officer violated the rules and regulations,
18   and under that --
19            THE COURT: I understand. But Mr. Berger claims the
20   reality is, despite that, you always indemnify the officer for
21   punitive damages, and that's why he wants the discovery,
22   because I agree with him, I am not going to mislead the jury.
23            If in fact discovery were to show that 99 out of 100
24   times when there has been a punitive damage award, in reality,
25   the city has always indemnified, then that's the reality.
```

66T8GYAC7

```
 1   That's the reality, and I am not charging something that's not
 2   true.
 3            MS. BRUZZESE: The problem is that I don't understand
 4   what claim this goes to. The discovery needs to likely lead to
 5   the discovery of admissible evidence.
 6            THE COURT: Yes. I will not mischarge the jury.
 7            MS. BRUZZESE: We haven't even gotten to that point.
 8            THE COURT: I am not talking about when. Put aside
 9   when. Not today or a month or two months. I am thinking of
10   ever. Unless you're prepared to concede that if a punitive
11   damage award is made by the jury, the city will pay, at some
12   point this discovery is necessary so as not to mislead the
13   jury.
14            I am not talking about today. I am not going to rule
15   today, but I want you to understand the issue. If this case
16   goes to trial, if there is a liability finding, if the jury
17   then gets punitive damages as an issue, I am not going to
18   mislead them, thinking that it comes out of the poor officer's
19   pocket and have the poor officer say, I have a wife and three
20   kids and a mortgage, I can barely afford the payments, and I
21   earn only 38,000, whatever. I am not going to have all of
22   that. If in fact the reality is that in the last 100 punitive
23   damages awards the city has always indemnified, I am not going
24   to have that testimony at all about his wife, kids and poor
25   salary, because it's all irrelevant.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```